19-189-cr
*United States v. Griffin*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand twenty.

PRESENT:  GUIDO CALABRESI,
RICHARD C. WESLEY,
RICHARD J. SULLIVAN,
*Circuit Judges*.

------------------------------------------------------------------
UNITED STATES OF AMERICA,

*Appellee*,

v.                                                No. 19-189-cr

JUNIOR GRIFFIN,

*Defendant-Appellant*,

MARC BENVENUTTI, VERDELL PICKNEY,
AKA VERDELL DAVIS, AKA V-12, PAUL GIST,
AKA PEEWEE, AKA SWEET PEA, ROBERT GIST,

AKA G-BABY, CICERO WILLIAMS, AKA TUBES,
JOSEPH ENCARNACION, AKA CABEZA,
KELVIN POLANCO, AKA PSYCHO, AKA FRESH,
JABARI ADAMS, AKA FLEA, AKA BARI, BRANDON
SMITH, AKA SKILLZ, JOSEPH RIVERA, AKA JOJO,
CYNTHIA WOODS, AKA BROOKLYN, KEITH
NESBITT, AKA BALDY, GREGORY HERNANDEZ,
AKA KANE, EDUARDO ROSA, AKA LIL BRO ED,
LUIS CABAN, AKA JAY, DANIEL RENVIL, AMANDA
LOPEZ, MADELINE OLIVARES, LANCE WRIGHT,
KENNETH LACEN, AKA MONTANA, JONATHAN
PEREZ, MALIK ABDUL,

 *Defendants.*

------------------------------------------------------------------

FOR APPELLANT:       JAMES E. NEUMAN, Law Office
of James E. Neuman, New
York, NY.

FOR APPELLEE:       DANIELLE R. SASSOON,
Assistant United States
Attorney (Michael K. Krouse,
Jacob Warren, Won S. Shin,
Assistant United States
Attorneys, *on the brief*), *for*
Geoffrey S. Berman, United
States Attorney for the
Southern District of New York,
New York, NY.

2

Appeal from a judgment of the United States District Court for the Southern District of New York (Gregory H. Woods, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Junior Griffin appeals from a judgment of the district court (Woods, *J.*) following a jury trial in which Griffin was convicted of one count of conspiracy to distribute or possess with intent to distribute 280 grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, and one count of distribution or possession with intent to distribute a quantity of cocaine in violation of 21 U.S.C. § 841(b)(1)(C). On appeal, Griffin argues that the district court erred in denying his motion to sever Counts One and Two under Federal Rules of Criminal Procedure 8(a) and 14(a), and in excluding certain recorded communications under Federal Rule of Evidence 807's residual hearsay exception. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

3

1. Severance of Counts

"We review the District Court's denial of a Rule 8(a) motion to sever counts *de novo*, and conduct a twofold inquiry: whether joinder of the counts was proper, and if not, whether misjoinder was prejudicial to the defendant." *United States v. Litwok*, 678 F.3d 208, 216 (2d Cir. 2012) (internal quotation marks and citations omitted). As relevant here, joinder under Rule 8(a) is appropriate where counts "are of the same or similar character." Fed. R. Crim. P. 8(a). "'Similar' charges include those that are 'somewhat alike,' or those 'having a general likeness' to each other." *United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008). We find no error in joining the two counts at issue here. Counts One and Two are clearly "somewhat alike," as they both involved the sale and purchase of the same narcotic, in the same city, within the same approximately one-year period. *Id.* Although the counts involved sales to different individuals, and Count One charges a conspiracy while Count Two charges a single substantive sale, they share a "general likeness," making joinder appropriate. *Id.*

Notwithstanding proper joinder, a court may sever counts to prevent prejudice to a party pursuant to Rule 14. "The denial of a motion to sever under

4

Rule 14 is reviewed for abuse of discretion." *United States v. Sampson*, 385 F.3d 183, 190 (2d Cir. 2004). To succeed on appeal, Griffin must demonstrate that joinder caused "substantial prejudice in the form of a miscarriage of justice." *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (internal quotation marks omitted). Griffin cannot show such prejudice. Notably, evidence of the substantive sale would likely have been admissible in a separate trial for Count One – and similarly, evidence of his participation in the narcotics conspiracy would likely have been admissible in a separate trial for Count Two – under Federal Rule of Evidence 404(b) as evidence of intent, knowledge, or opportunity. *See, e.g.*, *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992) (finding that where the government was required to prove that defendants "knowingly or intentionally conspired to distribute [a narcotic], or to possess it with intent to distribute," "the intent or knowledge of [defendants] were clearly at issue, and evidence of their involvement in prior narcotics transactions was probative of their intent or knowledge in connection with the crime charged"); *see also United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990) (noting that under the Second Circuit's "inclusionary approach," evidence of other crimes or acts "is admissible

5

for any purpose other than to show a defendant's criminal propensity" (internal quotation marks omitted)). Given the likelihood of admissibility, the district court's limiting instructions to the jury to consider the counts separately, and the fact that the court adjourned the trial by a week to enable Griffin to prepare for the added count, we cannot say that the district court abused its discretion in denying the Rule 14 motion.

## 2. Exclusion of Recordings

At trial, the government introduced text messages and calls between Griffin and his co-conspirator, Jonathan Perez, to establish that Griffin supplied cocaine to Perez as part of the conspiracy charged in Count One. Griffin unsuccessfully sought to introduce additional call recordings and text messages between Perez and other suppliers in order to rebut the government's position that Griffin had supplied Perez with cocaine on specific occasions. On appeal, Griffin challenges the district court's exclusion of the evidence as inadmissible hearsay, arguing that the communications should have been admitted under Federal Rule of Evidence 807, the so-called "residual" exception to the rule against hearsay. We review the

6

district court's evidentiary ruling for abuse of discretion subject to harmless error analysis. *United States v. Dhinsa*, 243 F.3d 635, 649 (2d Cir. 2001).

"To be admissible pursuant to the residual exception, the evidence must fulfill five requirements: trustworthiness, materiality, probative importance, the interests of justice[,] and notice." *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991). "Congress intended that the residual hearsay exceptions will be used very rarely, and only in exceptional circumstances." *Id.* (internal quotation marks omitted). We find no abuse of discretion in the district court's determination that Rule 807's requirements were not met, including but not limited to its findings that Griffin failed to satisfy the notice and probative importance requirements. Since Griffin first requested to introduce the evidence after the court impaneled the jury and after the government had prepared and provided its exhibits for trial, the district court reasonably found that Griffin failed to give sufficient notice to the government of his intent to admit the evidence. The court also had reason to conclude that Griffin lacked good cause for the delay, given the extended discovery period and additional time Griffin was afforded to prepare the case. Nor did the district court abuse its discretion in finding that the

7

evidence was not more probative on the point for which it was offered than other evidence the defense might have introduced. Because Griffin did not establish that all five requirements were met, the court permissibly excluded the evidence under Rule 807.

We have considered Griffin's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8